IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHEILA A. OLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv1017-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Sheila A. Olds (Olds) applied for disability insurance benefits pursuant to Title II and Title XVI of the Social Security Act (the Act). *See* 42 U.S.C. §§ 401 *et. s*eq., 1381 *et, seq*. Olds's application was denied at the initial administrative level. Olds then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

(Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert.  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g);  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.   ISSUES**

   *A.   Introduction*

Olds was forty-three years old and had completed the eighth grade at the time of the hearing before the ALJ.  (Tr. 203).  Employing the five-step process, the ALJ found Olds had

engaged in substantial gainful activity since the alleged onset date, working as a nurse's assistant until May of 2004, but was not presently employed. (Step 1). (Tr. 24). At Step 2, the ALJ found Olds suffered from the severe impairments of lumbar spine degenerative disk disease and radiculopathy. *Id*. Nonetheless, the ALJ found Olds did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). (Tr. 25). At Step 4, the ALJ determined Olds did not possess the RFC to perform any past relevant work. (Tr. 26).

At Step Five, the ALJ evaluated Olds's RFC, age, education, and work experience, as well as consulted the Medical-Vocational Guidelines regarding the availability, in significant numbers, of other work Olds could perform in the national economy. Upon consideration of this evidence, the ALJ determined Olds possessed the RFC to perform jobs that exist in significant numbers in the national economy. (Tr. 27). Consequently, the ALJ found Olds was not disabled within the meaning of the Act. *Id*.

### B.     Olds's Claims

Olds's claims are as follows: (1) whether the ALJ was required to cite to specific jobs Olds could perform in the national economy; (2) whether the ALJ erred in not finding Olds's depression to be a severe impairment; and (3) whether the ALJ failed to apply properly the pain standard.

## IV.  DISCUSSION

*A.  Whether the ALJ was required to cite to specific jobs Olds could perform in the national economy.*

Olds claims that "at step five [] the ALJ failed to properly establish the existence of other work that could be performed by the Plaintiff in the national economy." (Doc. #12 at 8). Specifically, Olds argues the Eleventh Circuit requires the ALJ to "'articulate[] specific jobs that the claimant is able to perform' . . . [and] cite jobs that are available in significant numbers in the national economy." *Id*. (quoting *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989).

Olds is correct. However, as the Court went on to say in Allen, "[i]n appropriate circumstances, the grids may be used in lieu of vocational testimony." *Id*. at 1201-02. Furthermore, the Supreme Court in *Heckler v. Campbell*, 461 U.S. 458, 468-472 (1983), "held that when the grids are properly used the Secretary need not introduce evidence of specific available jobs that the claimant is able to perform despite the existing impairments." In this case, the ALJ relied exclusively on the Medical-Vocational Guideline Grids (grids). Olds does not argue the ALJ improperly relied upon the grids, and upon a review of the record the Court finds that the grids were properly used in this case. Rather, Olds merely argues that the ALJ was required to specifically name jobs available to Olds. However, because applicable Supreme Court authority relieves the ALJ from having to cite to specific jobs when using the grids, the ALJ did not err.

> B. *Whether the ALJ erred in not finding Olds's depression to be a severe impairment.*

Olds argues her depression is severe and the ALJ erred when he determined that Olds suffered from the "non-severe impairment [of] depression." (Tr. 24). Based on the record, the ALJ determined Olds's depression "imposes no more than minimal limitations on her daily activities, social functioning, and ability to maintain concentration, persistence, and pace." (Tr. 25).

Olds points to the consultive evaluation of Dr. Hall and the opinion of the non-examining state agency psychiatrist, Dr. Vargas. (Doc. #12 at 9-10). However the ALJ specifically addressed both doctors' opinions. The ALJ stated that Dr. Vargas's opinion was not supported by the preponderance of evidence, and that while Dr. Hall's report revealed difficulty completing some testing, Olds's ability to watch television programs, shop, cook, clean, and drive evidence her ability to maintain concentration. (Tr. 25). The ALJ's rejection of Dr. Hall's consultive examination and Dr. Vargas's non-examining opinion was proper. While the ALJ was required to consider their opinions

> standing alone [they] do not constitute substantial evidence. *See Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir.1985) (per curiam). *Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding. Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985) (per curiam).

*Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (emphasis added). Here the ALJ specified the reason for rejecting the doctors' opinions was based contrary medical evidence.

The record, which includes Olds's own testimony concerning her daily activities and her reports to her treating physician, supports this determination.

### C. *Whether the ALJ failed to apply properly the pain standard.*

Before an ALJ can consider the subjective pain testimony of a claimant, the claimant must satisfy two parts of a three-part test. First, the claimant must show "evidence of an underlying medical condition, and [second] either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Olds argues the ALJ failed to follow this three-part test and consider her testimony of pain despite establishing the underlying medical condition of degenerative lumbar disk disease and radiculopathy. The Commissioner argues that while the ALJ may not have articulated the three-part pain standard it is clear he applied it correctly.

The three-part pain standard is a gateway which allows the ALJ to consider whether a claimant's pain is disabling. In this case, the ALJ did consider Olds's claims of pain. The ALJ stated that he "granted [Olds] an abundant benefit of the doubt concerning her allegations of back and lower extremity symptoms, including pain." (Tr. 26). Thus, Olds's claim that the ALJ did not properly apply the three-part test and consider her claims of pain is without merit.

After considering Olds's subjective pain testimony, the ALJ determined that it was not supported by the medical evidence. "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561. The medical signs and laboratory findings evidenced that Olds's pain was manageable and not disabling. Olds's pain testimony by itself is not sufficient to establish disability, and because the medical evidence was contrary to Olds's claim, disability could not be established. *See Id*. Therefore, the ALJ's determination that Olds's pain was not disabling was correct.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes that the ALJ's non-disability determination is due to be affirmed. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgment is entered herewith.

DONE this 17th day of December, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE